**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HANOVER ATLANTIC COMPANY LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:26-cv-02762 |
| | ) | |
| FIRENZE GROUP, LLC, BRADDOCK ROAD, | ) | |
| LLC, SEAL HARBOR PARTNERS, LLC, SUNG | ) | |
| IL MOON, DAVID J. PERLSTEIN, and | ) | |
| WILLIAM J. PERLSTEIN, | ) | |
| | ) | |
| Defendants. | ) | |

**INITIAL STATUS REPORT**

Plaintiff, Hanover Atlantic Company Ltd., ("Hanover"), respectfully submits this initial

status report in accordance with the Court's Minute Order of April 9, 2026 (Dkt. 7).

**1.      Type of Initial Status Report – Individual**

Hanover submits this status report individually because Defendants have not appeared in
this case and certain Defendants are expected to challenge personal jurisdiction. Hanover
will oppose any motion to dismiss for lack of personal jurisdiction.

**2.      Service of Process**

Hanover issued proposed waivers of service to Defendants through their outside counsel,
Mary Dugan of Young Conaway Stargatt & Taylor LLP. After receiving no response,
Hanover's counsel followed a number of times. Hanover's counsel eventually made
contact with another outside counsel of Defendants, Kirk Pasich of McGuire Woods LLP.
Mr. Pasich subsequently indicated he could likely waive or accept service on behalf of his
clients, but advised he does not currently represent all Defendants. On May 29, 2026, Mr.
Pasich confirmed he currently represents all Defendants with the exception of Sung Il
Moon. Mr. Pasich also agreed to accept service by email and the parties have agreed that
Defendants Firenze Group, LLC, Braddock Road, LLC, Seal Harbor Partners, LLC, David
J. Perlstein, and William J. Perlstein have until June 25, 2026 to respond to the Complaint,
absent further agreement or order of the Court. Hanover expects to file affidavits of service
as to those Defendants no later than June 4, 2026.

Hanover's counsel and Mr. Pasich are also finalizing an agreement that will likely result in
the dismissal without prejudice of all Defendants with the exception of William J. Perlstein.

Hanover expects to file a voluntary dismissal of those Defendants before the agreed response deadline of June 25, 2026.

3.      **Nature of the Case**

A.      **Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.**

Plaintiff Hanover is represented by Paul F. Matousek, Christopher A. Wadley, Alla Cherkassky Galati, and Kevin A. Lahm of Walker Wilcox Matousek LLP. Mr. Wadley will act as the lead trial attorney. To date, no other parties have filed an appearance.

B.      **Basis for federal jurisdiction.**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1) because there is complete diversity and the amount in controversy, exclusive of interest, exceeds $75,000.00.

Plaintiff Hanover is a Bermuda corporation with its principal place of business in Massachusetts. Defendant Firenze Group, LLC ("Firenze") is a Delaware limited liability company with its principal place of business in Arlington, Virginia. Firenze's members are Defendants David J. Perlstein and Sung Il Moon, both residents and citizens of Virginia. Defendant Braddock Road, LLC ("Braddock") is a Delaware limited liability company with its principal place of business in Arlington, Virginia. Braddock's members are Firenze and Rehoboth Beach Ventures, LLC. The sole member of Rehoboth Beach Ventures, LLC is Defendant William J. Perlstein, a citizen and resident of Delaware. Defendant Seal Harbor Partners, LLC ("Seal") is a Delaware limited liability company with its principal place of business in Arlington, Virginia. Seal's sole member is Firenze.

C.      **Nature of the Claims Asserted**

This is an action for declaratory judgment, brought pursuant to 28 U.S.C. §§ 2201 and 2202. First, Plaintiff Hanover seeks a declaration that it has no further obligations to Defendants pursuant to an insurance policy issued to Firenze in connection with an underlying lawsuit filed in the Superior Court of California, San Francisco County, styled *Good Hope Urbanite Premium Linked Fund, LLC v. Braddock Road, LLC, et al.*, No. CGC-23-605848 (the "Underlying Lawsuit").

Defendants Braddock and Seal formed and controlled non-party Cape Charles Group, LLC. Cape Charles Group created non-party Lechunza, LLC and solicited a $12 million investment in Lechunza from underlying plaintiff Good Hope Urbanite Premium Linked Fund, LLC ("Good Hope"). On information and belief, Lechunza was formed with the purpose of acquiring real property located at 55 E. Jackson St., Chicago, Illinois, and Lechunza eventually acquired that property

through its subsidiary 55 Jackson Acquisition, LLC. Good Hope required a guaranty contract executed by Braddock, Seal, and Firenze to guarantee repayment of its investment in Lechunza.

The Underlying Lawsuit alleged Firenze, Braddock, and Seal breached the guaranty agreement by not providing certain information and not paying sums due. Good Hope later amended its complaint to add David J. Perlstein and Sung Il Moon as defendants for their role in the investment and guaranty. The underlying defendants sought coverage under Hanover's directors & officers liability insurance policy. Hanover paid a portion of defense expenses pursuant to the provisions of its policy but otherwise denied coverage for the Underlying Lawsuit. Defendants disputed Hanover's coverage position and settled the Underlying Lawsuit. In connection with the settlement, William J. Perlstein received a written assignment of all claims against Hanover. Hanover now seeks a declaratory judgment confirming its coverage position.

**4.      Pending Motions and Case Plan**

There are no pending motions. Hanover anticipates dismissing without prejudice Defendants Firenze, Braddock, Seal, David J. Perlstein, and Sung Il Moon, leaving William J. Perlstein as the only necessary defendant. Hanover may amend its complaint consistent with this anticipated dismissal.

Hanover understands that William J. Perlstein intends to file a motion challenging this Court's personal jurisdiction over him and/or venue. Hanover intends to oppose such motion(s).

Because William J. Perlstein intends to challenge jurisdiction and/or venue in this Court, the parties have not discussed a discovery plan. If it appears jurisdictional discovery is necessary, Hanover intends to work with Mr. Perlstein's counsel to propose an agreed schedule to the Court.

Due to the anticipated jurisdictional challenge, Hanover respectfully suggests it is premature to propose any further case deadlines anticipated by the Court's Initial Status Report Template. If the Court would like Hanover to propose the remaining deadlines, Hanover will submit a supplemental report.

**5.      Consent to Proceed Before a Magistrate Judge**

As Defendants have yet to appear, Hanover anticipates reporting to the Court on this topic in a future joint status report.

**6.      Status of Settlement Discussions**

Prior to Hanover filing this declaratory judgment action, the parties mediated their dispute unsuccessfully. The parties are currently discussing whether further settlement discussions

or renewed mediation would be constructive and will update the Court accordingly. Hanover does not anticipate requesting a settlement conference with the Court at this time.

Dated: June 1, 2026

Respectfully Submitted,

Walker Wilcox Matousek LLP

 /s/ Kevin A. Lahm
Kevin A. Lahm
Walker Wilcox Matousek LLP
One North Franklin Street
Suite 3200
Chicago, IL 60606
(312) 244-6700
(312) 244-6800 FAX
klahm@walkerwilcox.com

**_Attorney for Plaintiff Hanover Atlantic Company Ltd._**