**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HANOVER ATLANTIC COMPANY LTD.,<br><br>Plaintiff/Counter-Defendant,<br><br>vs.<br><br>WILLIAM J. PERLSTEIN,<br><br>Defendant/Counter-Claimant. | ) | Case No. 1:26-cv-02762 |

**JOINT STATUS REPORT**

Plaintiff/Counter-Defendant, Hanover Atlantic Company Ltd., ("Hanover") and Defendant/Counter-Claimant William J. Perlstein respectfully submit this Joint Status Report in accordance with the Court's Minute Order of July 8, 2026 (Dkt. 23).

**1. Type of Initial Status Report**

Joint.

**2. Service of Process**

Service is complete on all parties.

**3. Nature of the Case**

**A. Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.**

Plaintiff Hanover is represented by Paul F. Matousek, Christopher A. Wadley, Alla Cherkassky Galati, and Kevin A. Lahm of Walker Wilcox Matousek LLP. Christopher A. Wadley will act as the lead trial attorney.

Defendant Perlstein is represented by Kirk Pasich, Christopher T. Pasich, and Cassandra M. Burns of McGuireWoods LLP. Kirk Pasich will act as the lead trial attorney.

**B. Basis for federal jurisdiction.**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1) because there is complete diversity and the amount in controversy, exclusive of interest, exceeds $75,000.00.

Plaintiff Hanover is a Bermuda corporation with its principal place of business in Massachusetts. Defendant Perlstein is a resident and citizen of Delaware. Therefore, complete diversity exists between the parties.

**C. Nature of the Claims Asserted**

This is an action for declaratory judgment, brought pursuant to 28 U.S.C. §§ 2201 and 2202. First, Plaintiff Hanover seeks a declaration that it has no further obligations to its insureds (who assigned their insurance rights to Defendant Perlstein) pursuant to an insurance policy issued to Firenze Group, LLC ("Firenze") in connection with an underlying lawsuit styled *Good Hope Urbanite Premium Linked Fund, LLC v. Braddock Road, LLC, et al.*, No. CGC-23-605848 (Cal. Super. Ct.) (the "Underlying Lawsuit").

The Amended Complaint alleges that non-parties Braddock Road, LLC ("Braddock") and Seal Harbor Partners, LLC ("Seal") formed and controlled non-party Cape Charles Group, LLC. The Amended Complaint further alleges that Cape Charles Group created non-party Lechunza, LLC and solicited a $12 million investment in Lechunza from underlying plaintiff Good Hope Urbanite Premium Linked Fund, LLC ("Good Hope"). Good Hope required a guaranty contract executed by Braddock, Seal, and Firenze to guarantee repayment of its investment in Lechunza.

The Underlying Lawsuit alleged Firenze, Braddock, and Seal breached the guaranty agreement by not providing certain information and not paying sums due. Good Hope later amended its complaint to add David J. Perlstein and Sung Il Moon as defendants. The underlying defendants sought coverage under Hanover's directors & officers liability insurance policy. Hanover paid a portion of defense expenses pursuant to the provisions of its policy but otherwise denied coverage for the Underlying Lawsuit. Hanover's insureds disputed Hanover's coverage position and settled the Underlying Lawsuit. In connection with the settlement, William J. Perlstein received a written assignment of all claims against Hanover. Hanover now seeks a declaratory judgment confirming its coverage position.

Mr. Perlstein generally denies that Hanover is entitled to the declaratory relief it seeks. Mr. Perlstein has also asserted various affirmative defenses, including: (1) failure to state a claim; (2) waiver; (3) estoppel; (4) breach of contract; (5) bad faith; and (6) unclean hands.

Mr. Perlstein also submitted a Counterclaim against Hanover on July 22, 2026. In his capacity as assignee of Hanover's insureds, Mr. Perlstein alleges breach of contract against Hanover concerning the amount of Hanover's reimbursement of defense expenses and lack of contribution to the settlement of the Underlying Lawsuit. Mr. Perlstein also alleges Hanover breached the implied covenant of good faith and fair dealing in connection with the same alleged insurance obligations.

**D. Major Legal and Factual Issues**

The parties submit that one or more of the following legal or factual issues may be presented in this litigation. By setting forth the issues below, neither party agrees that all of the following issues are relevant nor waives any objection or defense to any of them.

(1) which law governs the issues in this action, (2) interpretation of the insurance policy, including whether certain exclusions in the insurance policy preclude coverage with respect to the Underlying Lawsuit or indemnification; (3) the applicability of the allocation provision in the policy; (4) whether Hanover is entitled to declaratory judgment; (5) whether Mr. Perlstein's affirmative defenses bar Hanover's declaratory judgment claims; (6) whether Hanover breached its duties under the insurance policy; (7) whether Hanover breached its implied covenant of good faith and fair dealing; (8) facts relating to Hanover's investigation into Perlstein's claimed losses; (9) facts relating to Hanover's asserted grounds for denial of coverage; (10) insurance industry custom, practices, and standards; and (11) whether Mr. Perlstein is entitled to recover damages.

**E. Type and Calculation of Damages**

Hanover is seeking judgment declaring that it owes no additional obligations and/or amounts under the insurance policy to its insureds in connection with the Underlying Lawsuit.

Mr. Perlstein is seeking over $5,000,000 in monetary damages, reasonable attorneys' fees incurred in obtaining the benefits due under the insurance policy, punitive damages, costs of suit, and interest.

**4. <u>Pending Motions and Case Plan</u>**

a. There are no pending motions.

b. Case management plan:

The parties have discussed a plan to avoid potentially unnecessary expense and burden of extended discovery.

The parties propose exchanging initial disclosures followed by motions for judgment on the pleadings that may resolve all (or significant portions of) the current coverage dispute, resulting in a narrower scope of issues to address in fact discovery and/or expert discovery. In accordance with this proposal, the parties request the Court enter the following deadlines:

| | |
|---|---|
| (1) Hanover's Response to Counterclaim: | September 11, 2026 |
| (2) Rule 26(a)(1) disclosures: | September 25, 2026 |
| (3) Submission of stipulated confidentiality order: | September 25, 2026 |
| (4) Pre-discovery dispositive motions, if appropriate[1]: | October 16, 2026 |
| (5) Issuance of initial written discovery: | 30 days after ruling on early dispositive motions |
| (6) Close of fact discovery: | 180 days after ruling on early dispositive motions |
| (7) Expert discovery initial disclosures: | 30 days after close of fact discovery |
| (8) Rebuttal expert disclosures: | 75 days after close of fact discovery |
| (9) Close of expert discovery: | 120 days after close of fact discovery |
| (10) Post-discovery dispositive motions: | 45 days after close of expert discovery |
| (11) Tentative trial date: | To be determined, likely in 2027, likely 3-5 day trial |

Subject to the Court's rules and meeting and conferring regarding schedules, each party reserves the right to file a Rule 56 motion at such time as it may deem appropriate.

c. Mr. Perlstein demands a jury trial.

## 5. <u>Consent to Proceed Before a Magistrate Judge</u>

The parties have discussed the advantages of a Magistrate Judge referral and do not unanimously consent to proceed before the assigned Magistrate Judge.

---

[1] Neither party waives or intends to waive any objections or defenses to the timeliness or propriety of submission of early dispositive motions.

**6. Status of Settlement Discussions**

Prior to Hanover filing this declaratory judgment action, the parties mediated their dispute unsuccessfully. The parties are continuing settlement discussions outside of mediation and do not request a settlement conference with the Court at this time.

Dated: July 29, 2026

Respectfully Submitted,

Walker Wilcox Matousek LLP

/s/ *Kevin A. Lahm*
Kevin A. Lahm
Walker Wilcox Matousek LLP
One North Franklin Street
Suite 3200
Chicago, IL 60606
(312) 244-6700
(312) 244-6800 FAX
klahm@walkerwilcox.com

***Attorneys for Plaintiff/Counter-Defendant Hanover Atlantic Company Ltd.***

McGuireWoods LLP

/s/ *Christopher Pasich*
Cassandra M. Burns (#6329493)
CBurns@McGuireWoods.com
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
Telephone: (312) 849-8100

Kirk Pasich (*pro hac vice forthcoming*)
KPasich@McGuireWoods.com
Christopher T. Pasich (*pro hac vice forthcoming*)
CPasich@McGuireWoods.com
McGUIREWOODS LLP
1800 Century Park East, 7th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

***Attorneys for Defendant/Counter-Plaintiff William J. Perlstein***